**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

Saad Bin Khalid,

        Plaintiff,

  v.

Merrick Garland, *et al.*,

        Defendants.

Civil Action No. 1:21-cv-02307 (CRC)

## MOTION TO SUSPEND DEADLINE TO RESPOND TO THE COMPLAINT AND FILE JOINT STATUS REPORT IN 90 DAYS

The Government hereby moves to suspend its January 25, 2022 deadline to respond to the complaint, and seeks leave instead to file a joint status report in 90 days, on April 25, 2022. As explained below, the Government today provided Plaintiff with additional information regarding his No Fly List status. The Plaintiff now has 60 days (or potentially longer if he requests an extension) to submit any additional information he believes relevant to his No Fly List status. The Government would then evaluate any such information, along with other available information, and make a final determination maintaining Plaintiff on, or removing him from, the No Fly List. These steps are likely to materially impact the issues in dispute, and the Government anticipates that the 90-day period will permit the parties to first proceed with this process. The Government proposes that, at the conclusion of the 90 days, the parties update the Court on the status of Plaintiff's redress application and propose any further proceedings, including, if appropriate, a schedule for any briefing at the pleading stage. In the alternative, the Government requests a two-week extension to respond to the complaint.

1

The following good cause supports this motion.

**I.      Background on No Fly List and Redress Process**

1.      On August 31, 2021, Plaintiff Saad Bin Khalid filed this lawsuit, challenging his inclusion on the "No Fly List."

2.      As the Government explained in its prior motion, *see* ECF No. 8, the No Fly List is a subset of the Terrorist Screening Dataset ("TSDS"),[1] which is "the federal government's consolidated watchlist of known or suspected terrorists." *Elhady v. Kable*, 993 F.3d 208, 213 (4th Cir. 2021). Individuals on the No Fly List are prohibited from boarding commercial flights on U.S. carriers, as well as flights into, out of, over, or within U.S. airspace. *See* Watchlisting Overview 2, ECF No. 8-1.[2] Inclusion on the No Fly List must be based on credible information showing that the individual presents a threat of committing an act of terrorism with respect to an aircraft, the homeland, U.S. facilities or interests abroad, or is a threat of engaging in or conducting a violent act of terrorism and is operationally capable of doing so. *Id.* at 4.

3.      The Government generally does not disclose whether an individual is on the TSDS, including whether an individual is on the No Fly List. TSDS status is protected by, *inter alia*, the law enforcement privilege, and the identities of those on the No Fly List are also protected as Sensitive Security Information. *See* 49 U.S.C. § 114(r); 49 C.F.R. § 1520.5(b)(9)(ii); *Blitz v. Napolitano*, 700 F.3d 733, 737 n.5 (4th Cir. 2012)).

4.      However, an individual who is denied boarding or subjected to delays or additional screening at an airport or U.S. port of entry may submit an application for redress through the

---

[1] Commonly known as the "Terrorist Watchlist," the TSDS was previously officially referred to as the Terrorist Screening Database, or "TSDB."

[2] The Watchlisting Overview document, which was released by the U.S. Government following an inter-agency review process, provides an official, authorized description of watchlisting policies and procedures.

Department of Homeland Security Traveler Redress Inquiry Program ("DHS TRIP"). Watchlisting Overview at 7–10. Upon receipt of a DHS TRIP application, the Government will conduct a review of applicable records to determine, among other things, whether the individual is listed on the TSDS, including the No Fly List, and whether any such listing remains warranted. *Id.* at 8.

5.     If the individual is a U.S. citizen or lawful permanent resident, is included on the No Fly List, and meets other requirements, the Government will inform the individual of his or her No Fly List status and of the opportunity to seek additional information. *Id.* at 9. If the individual takes this opportunity, the Government will provide the individual a summary of the factual basis for the No Fly List determination to the extent possible consistent with national security and law enforcement interests. *Id.*

6.     The individual then has an opportunity to submit to the Government any information that he or she considers potentially relevant to the No Fly List status. The TSA Administrator will review the submission, along with other available information, and may issue a final order either removing the individual from, or maintaining the individual on, the No Fly List. *Id.* The TSA Administrator's final order will state the basis for the decision (to the extent possible consistent with national security and law enforcement interests), and will further notify the individual of the ability to seek judicial review in an appropriate U.S. Court of Appeals pursuant to 49 U.S.C. § 46110. *Id.*

**II.     Plaintiff's Redress Application and This Lawsuit**

7.     Plaintiff here is a U.S. Citizen who was denied boarding and subsequently submitted a redress application through DHS TRIP. Compl. ¶¶ 17, 103, ECF No. 2. On April 6, 2020, consistent with the redress procedures described above and after a review of any applicable

records, the Government informed Plaintiff that it had determined he was on the No Fly List because he had been "identified as an individual who may be a threat to civil aviation or national security."  Letter from DHS Traveler Redress Inquiry Program to Saad Bin Khalid (April 6, 2020), ECF No. 8-2 (citing 49 U.S.C. §114(h)(3)(A)).  That same day, Plaintiff requested additional information about his No Fly List status.  Compl. ¶ 105.

8.      On August 31, 2021, before the administrative process for obtaining redress had been completed, Plaintiff filed this lawsuit challenging his No Fly List status.

9.      On November 17, 2021, the Government moved unopposed for a 60-day extension of time to respond to the complaint.  ECF No. 8.  The Government explained that it was actively working to determine whether, consistent with law enforcement and national security interests, it could provide Plaintiff with additional information about the basis for his No Fly List status, and, if so, what information it could provide.  *Id.* at 4.  The Government noted that, absent extraordinary or unexpected circumstances, it anticipated being able to complete its deliberations and provide any such information to Plaintiff by January 25, 2022.  On November 19, 2022, the Court granted the Government's motion, extending the deadline to respond to the complaint to January 25, 2022.

10.     Consistent with the timeline described in its prior motion, earlier today, on January 25, 2022, the Government sent a letter to Plaintiff providing additional information about his No Fly List status.  *See* Letter from DHS Traveler Redress Inquiry Program to Saad Bin Khalid (January 25, 2022).[3]

11.     Now that the Government has provided Plaintiff with additional information regarding his No Fly List status, the next step in the DHS TRIP redress process is for Plaintiff, if

---

[3] Due to the nature of the information in this letter, at this time, Defendants have not filed the letter on the public docket.

he chooses, to provide any additional information that he considers potentially relevant to his No Fly List status. Watchlisting Overview 9. The Government stated in its letter that Plaintiff should submit any such information, or request an extension, within 60 days. Should Plaintiff submit further information, the Government would then review any such submission, along with other available information, and, at the culmination of the process, the TSA Administrator would issue a final order either removing Plaintiff from, or maintaining him on, the No Fly List. *See also* Watchlisting Overview 9. Once that occurs, the exclusive venue for any judicial review of such final order would be an appropriate U.S. Court of Appeals. *See* 49 U.S.C. § 46110. Should Plaintiff fail to submit further information or request an extension within 60 days, the Government's present determination of No Fly List status would become a final order, likewise reviewable in the Court of Appeals pursuant to 49 U.S.C. § 46110.

## III.     Grounds for Requested Relief

12.     Suspension of the complaint response deadline and filing of a joint status report in 90 days would best facilitate the ongoing administrative process, and make for the best use of the Court's and the parties' resources. Further steps in the DHS TRIP redress process—including both the provision of any further information by Plaintiff and any final decision by the TSA Administrator—are likely to materially impact the issues in dispute. Among other things, these further steps may affect the record on which this Court conducts any review, and may impact this Court's jurisdiction. *See, e.g.*, *Shearson v. Holder*, 725 F.3d 588, 595 (6th Cir. 2013) (affirming dismissal of claims for failing to exhaust administrative remedies through DHS TRIP); *Kashem v. Barr*, 941 F.3d 358 (9th Cir. 2019) (holding that exclusive review of TSA Administrator's final determination of No Fly List status lies in the U.S. Court of Appeals pursuant to 49 U.S.C. § 46110). Indeed, other courts have required the completion of steps in the DHS TRIP redress

5

process before conducting further judicial review of watchlist claims. *See Mokdad v. Holder*, No. 2:13-cv-12038, Order, ECF No. 43 (E.D. Mich. Dec. 16, 2015); *Latif v. Holder*, No. 3:10-cv-750-BR, ECF No. 152 (D. Or. Oct 3, 2104); *Fikre v. FBI*, No 3:13-cv-899, ECF No. 57 (D. Or. Jan 14, 2015); *Tarhuni v. Holder*, No. 3:13-cv-001, ECF Nos. 79, 86 (D. Or. Oct. 3, 2014).

13.     Requiring a joint status report in 90 days will also conserve the Court's and the parties' resources.  Plaintiff now has 60 days—and potentially longer if he requests an extension— to submit further information. Absent a change in current deadlines, the parties could submit pleading stage briefing that is quickly overtaken by events at the administrative level, such as the provision of additional information or a final order.  Moreover, once the administrative process is complete, the Plaintiff may wish to amend his complaint to reflect additional developments, or to dismiss his complaint and refile in the Court of Appeals.  Additionally, any decision that the Court might issue before the redress process has completed could itself be overtaken by progress at the administrative level.  Accordingly, good cause exists to suspend the Government's deadline to respond to the complaint and require the parties to file a joint status report in 90 days proposing any further proceedings.

14.     In the alternative, the Government requests a two-week extension of time to respond to the complaint.  This extension would provide the Government an opportunity to prepare a response that takes into account its provision, earlier today, of additional information to Plaintiff regarding his No Fly List status.

15.     Pursuant to Local Civil Rule 7(m), undersigned counsel has conferred with counsel for Plaintiff, who states that he "oppose[s] a stay or any extension."

6

**IV.     Conclusion**

16.     For the above reasons, the Government requests that its deadline to respond to the complaint be suspended and the parties be required to file a joint status report in 90 days, on April 25, 2022.  A proposed order is attached.

Dated: January 25, 2022                    BRIAN M. BOYNTON
                                           Acting Assistant Attorney General

                                           ANTHONY J. COPPOLINO
                                           Deputy Branch Director

                                           /s/ *Matthew Skurnik*
                                           MATTHEW SKURNIK, NY Bar No. 5553896
                                           CHRISTOPHER D. EDELMAN, DC Bar No.
                                           1033486
                                           Trial Attorneys
                                           United States Department of Justice
                                           Civil Division, Federal Programs Branch
                                           1100 L Street, NW
                                           Washington, D.C. 20005
                                           (202) 616-8188
                                           Matthew.skurnik@usdoj.gov

                                           *Counsel for Defendants*