UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **SAAD BIN KHALID**,<br><br>Plaintiff,<br><br>v.<br><br>**MERRICK GARLAND,** *et al.*,<br><br>Defendants. | Case No. 1:21-cv-02307 (CRC) |

## ORDER

Plaintiff has filed a Motion for a Preliminary Injunction seeking an emergency order directing Defendants to waive his inclusion on the government's No Fly List so that he can fly from Pakistan to his home in the United States. The motion is denied.

Plaintiff has not met his burden of establishing a likelihood of success on the merits of his underlying claims challenging his inclusion on the No Fly List. The courts of appeals have "exclusive jurisdiction to affirm, amend, modify, or set aside" any order issued by the Secretary of Transportation or the Administrator of the Transportation Security Administration ("TSA") relating to their security duties. 49 U.S.C. § 46110. After Plaintiff sought redress for his no-fly status through the DHS TRIP process, his inclusion on the list was affirmed by a Final Order issued by the TSA Administrator. As a result, he must bring any substantive challenge to that determination in the courts of appeals. See Kesham v. Barr, 941 F.3d 358, 365, 390—91 (9th Cir. 2019) (interpreting § 46110 to grant the courts of appeals exclusive jurisdiction over substantive challenge to No Fly List determination affirmed by the TSA Administrator).

That the Court might be able to direct the FBI's Terrorist Screening Center ("TSC") to remove Plaintiff from the No Fly List without ordering any action by the TSA Administrator

does not change the jurisdictional analysis. The government concedes that the TSC has authority to remove individuals from the list without obtaining approval from the TSA Administrator. Oral Arg. (Oct. 5, 2022). But compelling the TSC to change Plaintiff's status, even temporarily, would still functionally "amend, modify, or set aside" the TSA Administrator's order. All of Plaintiff's underlying claims challenge his inclusion on the No Fly List and seek as relief his removal from the list. See Am. Compl. at 34—40. The claims are thus "inescapably intertwined with a review of the" TSA Administrator's order. See Durso v. Napolitano, 795 F. Supp. 2d 63, 69–72 (D.D.C. 2011). Accordingly, the Court likely lacks jurisdiction over Plaintiff's claims.

Plaintiff also has not met the "high standard for irreparable injury." Chaplaincy of Full Gospel Churches v. England, 454 F.3d 290, 297 (D.C. Cir. 2006). "[A] preliminary injunction movant does not satisfy the irreparable harm criterion when the alleged harm is self-inflicted." Safari Club Int'l v. Salazar, 852 F. Supp. 2d 102, 123 (D.D.C. 2012) (quoting Lee v. Christian Coal. of America, Inc., 160 F. Supp. 2d 14, 33 (D.D.C. 2001)). By voluntarily journeying to Pakistan after being told that the government would not facilitate his air travel, Plaintiff caused the very injury he now asks the Court to redress. And the government's decision to repatriate Plaintiff to the United States from Pakistan earlier this year following his initial placement on the No Fly List—a courtesy it extends to similarly situated U.S. citizens—did not oblige the government to do so again in the future.

The inconvenience and expense of returning to the United States from Pakistan without flying through U.S. airspace is not an *irreparable* injury in any event. See Chaplaincy, 454 F.3d at 297 ("Mere injuries, however substantial, in terms of money, time and energy necessarily expended in the absence of [an injunction] are not enough." (quoting Wis. Gas Co. v. FERC, 758 F.2d 669, 674 (D.C. Cir. 1985))). Nor has Plaintiff suffered "irreparable injury as a matter of

law" because he alleges a violation of his due process rights.  Mot. Prelim. Inj. at 14.  The "deprivation of constitutional rights constitutes irreparable injury only to the extent such deprivation is shown to be likely."  Archdiocese of Washington v. Washington Metro. Area Transit Auth., 897 F.3d 314, 334 (D.C. Cir. 2018).  As explained above, Plaintiff has not shown a likelihood of success on the merits of his claims.  He therefore has failed to establish irreparable injury due solely to an alleged deprivation of constitutional rights.  C.G.B. v. Wolf, 464 F. Supp. 3d 174, 217–18 (D.D.C. 2020) (Cooper, J.).

      Accordingly, Plaintiff's [22] Motion for Preliminary Injunction is hereby **DENIED**.

      **SO ORDERED.**

Date: October 7, 2022

CHRISTOPHER R. COOPER  
United States District Judge