UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

**SAAD BIN KHALID,**

        Plaintiff,

        v.

**MERRICK GARLAND**, et al.,

        Defendants.

Case No. 21-cv-2307 (CRC)

## OPINION AND ORDER

Plaintiff Saad Bin Khalid moves this Court to certify for interlocutory appeal its recent decision dismissing his No Fly List-related claims for lack of jurisdiction. In the alternative, Khalid asks the Court to transfer those dismissed claims to the D.C. Circuit. The Court finds no grounds for an interlocutory appeal, but will transfer the dismissed claims to the D.C. Circuit in the interest of justice.

**I.  Background**

The Court fully recounted the regulatory framework and factual background of this case in its March 16, 2023 Opinion and Order. See Op. & Order at 2–5. To summarize, Khalid is on the U.S. government's No Fly List and terrorist watchlist. In 2019, after being denied boarding on a U.S.-bound plane from Karachi, Pakistan, Khalid inquired about his status on the lists through the DHS TRIP process. Am. Compl. ¶¶ 81–84, 95–96, 110. Nearly a year later, he received a response confirming that he was on the No Fly List. Id. ¶ 111. That same day, Khalid requested further information about his status. Id. ¶ 112. In August 2021, after nearly a year and a half without a response, he filed this suit against several high-ranking federal officials challenging his placement on both the No Fly List and the terrorist watchlist. About ten months after Khalid initiated the suit, the Administrator of the Transportation Security Administration

issued an order keeping him on the No Fly List. Am. Compl. ¶¶ 140–42. Shortly thereafter, Khalid filed an amended complaint, which Defendants then moved to dismiss for lack of jurisdiction and failure to state a claim.

In March 2023, the Court partially granted Defendants' motion because 49 U.S.C. § 46110 rests exclusive jurisdiction to "affirm, amend, modify, or set aside" an order of the TSA Administrator—like the one that kept Khalid on the No Fly List—with the courts of appeals. Op. & Order at 6–9. Accordingly, the Court dismissed Khalid's No Fly List-related claims but retained jurisdiction over his terrorist watchlist-related challenges, which are not subject to § 46110's jurisdiction channeling provision.

Khalid now asks the Court to amend its opinion to certify for interlocutory appeal the question whether § 46110 divests jurisdiction from the Court to hear his No Fly List-related claims. In the alternative, Khalid seeks transfer of his No Fly List claims to the D.C. Circuit under 28 U.S.C. § 1631 so that he can press the merits of his challenges there. Defendants oppose both requests.

**II.   Legal Standards**

"Although courts have discretion to certify an issue for interlocutory appeal, interlocutory appeals are rarely allowed." Nat'l Cmty. Reinvestment Coal. v. Accredited Home Lenders Holding Co., 597 F. Supp. 2d 120, 122 (D.D.C. 2009) (internal quotations omitted). The Court may certify an order for interlocutory appeal only if it first determines that the moving party has met its burden to show that a nonfinal order "[1] involves a controlling question of law [2] as to which there is substantial ground for difference of opinion and that [3] an immediate appeal from the order may materially advance the ultimate termination of the litigation." 28 U.S.C. § 1292(b). This is a demanding standard. See Jud. Watch, Inc. v. Nat'l Energy Pol'y Dev. Grp.,

233 F. Supp. 2d 16, 19–20 (D.D.C. 2002) ("A party seeking certification pursuant to § 1292(b) must meet a high standard to overcome the 'strong congressional policy against piecemeal reviews, and against obstructing or impeding an ongoing judicial proceeding by interlocutory appeals.'" (quoting United States v. Nixon, 418 U.S. 683, 690 (1974))).

Under 28 U.S.C. § 1631, a court has the authority to transfer a matter if (1) it lacks jurisdiction; (2) the transfer is in the interest of justice; and (3) the case could have been brought in the receiving court at the time it was filed or noticed. See Does 1-144 v. Chiquita Brands Int'l., 285 F. Supp. 3d 228, 233 (D.D.C. 2018). When evaluating whether transfer is in the interest of justice, courts consider, among other factors, "whether the claims would be time-barred upon refiling, whether transfer would prejudice the defendants' position on the merits, and whether transfer would save the plaintiff the time and expense of refiling in a new district." Id. at 235 (citation omitted).

### III. Analysis

Khalid seeks an interlocutory appeal of the Court's decision that exclusive jurisdiction rests in the courts of appeals to review the TSA Administrator's final order affirming his position on the No Fly List. Khalid is correct that the determination "involves a controlling question of law," but he has not met the demanding standard of showing that there is "substantial ground for difference of opinion" or that an interlocutory appeal would advance the case. See 28 U.S.C. § 1292(b). To start, there is controlling precedent in this Circuit, published four days after this Court's decision, confirming that 49 U.S.C. § 46110 gives the Circuit jurisdiction to review No Fly List orders issued by the TSA Administrator. Busic v. TSA, 62 F.4th 547, 549 (D.C. Cir. 2023) (per curiam). Khalid's disagreement with this Court's decision and citations to non-binding cases in other circuits do not establish substantial ground for difference of opinion. See

Singh v. George Washington Univ., 383 F. Supp. 2d 99, 104 (D.D.C. 2005) (noting that a "mere claim that the district court's ruling was incorrect" is not enough to establish "a substantial ground for difference of opinion" (internal quotations omitted)).  Further, its not clear how an interlocutory appeal would meaningfully affect the trajectory of the litigation.  As previewed above, the Court is transferring Khalid's No Fly List-related claims to the D.C. Circuit.  Khalid will have the opportunity to argue both the merits of those claims and whether jurisdiction is proper.  In fact, even if Khalid does not raise a jurisdictional challenge, the Circuit would have an "independent obligation to determine whether subject-matter jurisdiction exists." Arbaugh v. Y&H Corp., 546 U.S. 500, 514 (2006).  And because § 46110 grants "exclusive jurisdiction" in the courts of appeals, a decision by the Circuit that it has jurisdiction under § 46110 would confirm that this Court did not.  Accordingly, an interlocutory appeal is not warranted.

      Moving to Khalid's alternative request for relief, the Court finds that transferring the No Fly List claims to the D.C. Circuit would serve the interests of justice.  Without a transfer, Khalid's No Fly List claims would likely be time barred by § 46110, which requires that challenges be filed within 60 days from when the TSA Administrator's order was issued.  See 49 U.S.C. § 46110(a).  Khalid failed to refile his No Fly List claims in the proper court within that period, which concluded on August 8, 2022.  While § 46110 allows petitions to be filed after the 60-day period "only if there are reasonable grounds," id., Khalid admits that "[c]ourts 'have rarely found reasonable grounds under section 46110(a).'" Mot. to Amend or Transfer at 9 (quoting Save Our Skies LA v. FAA, 50 F.4th 854, 862 (9th Cir. 2022)).  Therefore, it is uncertain whether Khalid would have his day in court to challenge his placement on the No Fly List if no transfer is granted.

Such a result would be harsh, given that Khalid was correct to initially file his case in this Court. When Khalid began this litigation in August 2021, the TSA Administrator had not yet issued a final order confirming his place on the No Fly List, so 49 U.S.C. § 46110 was not applicable. Only after the TSA Administrator issued an order nearly nine months later—and nearly three years after Khalid filed his DHS TRIP inquiry—did Section 46110 strip this Court of jurisdiction to consider his No Fly List claims. Moreover, the Court only lost jurisdiction over some of his claims because the TSA Administrator does not review and affirm placement on the broader terrorist watchlist. See Op. & Order at 9.

Undoubtedly, it would have been prudent for Khalid to re-file his No Fly List claims in the D.C. Circuit once he received the TSA Administrator's order, even if he believed his claims were properly before this Court. The Court somewhat understands his reluctance to sever the case, however, given that the D.C. Circuit had previously held that it lacked jurisdiction to hear challenges to the No Fly List under a prior configuration of the review process. Ege v. DHS, 784 F.3d 791, 793 (D.C. Cir. 2015). Accordingly, the Court finds it in the interest of justice to transfer Khalid's No Fly List claims to the D.C. Circuit.[1]

Defendants assert that Section 1631 only permits transfer of an "action or appeal," not individual claims severed from a case. See 28 U.S.C. § 1631. Defendants rely on the statutory text and the D.C. Circuit's statement in Hill v. Air Force that "Section 1631 directs a court to

---

[1] A transfer under Section 1631 is only proper if the plaintiff could have brought his case in the receiving court "at the time it was filed or noticed." That requirement is satisfied here. Although Khalid's initial complaint was filed prior to Section 46110's applicability, the operative amended complaint was filed after Khalid received the TSA Administrator's order. The No Fly List claims from that amended complaint, which are the subject of transfer now, could have been filed in the D.C. Circuit. Neither party has briefed this issue, nor has the Court found binding precedent compelling a different outcome. See Does 1-144 v. Chiquita, 285 F. Supp. 3d 228, 237 (D.D.C. 2018) ("assum[ing] without deciding" the operative date for purposes of assessing transfer under 28 U.S.C. § 1631 because neither party sufficiently briefed the issue).

transfer an 'action' over which it lacks jurisdiction, rather than an individual claim[.]" 795 F.2d 1067, 1070 (D.C. Cir. 1986).  But the Court does not interpret Hill as holding that Section 1631 only permits the transfer of whole cases.  Instead, the D.C. Circuit merely held that the district court had not abused its discretion by not transferring individual claims to another court sua sponte.  See Hill, 795 F.2d at 1070 ("Because Section 1631 directs a court to transfer an 'action' over which it lacks jurisdiction, rather than an individual claim, we find that the District Court did not abuse its discretion in failing sua sponte to transfer Hill's claims against Vallerie in his personal capacity to the District Court in New Mexico.").  In subsequent decisions, the D.C. Circuit has transferred, or directed the district court to transfer, individual claims under § 1631.  See, e.g., Lopez v. Postal Regul. Comm'n, 709 F. App'x 13, 16 (D.C. Cir. 2017) (per curiam) (dismissing as moot plaintiff's claim for injunctive relief while severing and transferring plaintiff's damages claim to the District Court for the Southern District of Florida pursuant to 28 U.S.C. § 1631); Soliman v. Kerry, No. 16-5155, 2016 WL 6238578, at *1 (D.C. Cir. Sept. 22, 2016) (per curiam) (remanding a breach of contract claim to the district court "with instructions to transfer to the Court of Federal Claims pursuant to 28 U.S.C. § 1631")

Further, Section 1631 should be read in concert with Rule 21, which permits courts to "sever any claim against a party."  Fed. R. Civ. P. 21.  And once severed, those claims "proceed[] as a discrete unit with its own final judgment." 7 Charles A. Wright & Arthur R. Miller, Federal Practice and Procedure § 1689 (3d ed. 2023).  Accordingly, even if § 1631 only authorized the transfer of an action or case, the No Fly List claims to be transferred here are a distinct "action" for purposes of § 1631.

## IV. Conclusion

For these reasons, it is hereby

**ORDERED** that [34] Plaintiff's Motion to Amend the Opinion and Order Partially Granting Defendants' Motion to Dismiss is hereby DENIED.  It is further

**ORDERED** that [34] Plaintiff's Alternative Motion to Transfer Claims is hereby GRANTED in part. It is further

**ORDERED** that Plaintiff's claims related to his presence on the No Fly List are severed from his watchlist-related claims. It is further

**ORDERED** that Plaintiff's No Fly List claims be transferred to the D.C. Circuit.

**SO ORDERED**.

_____
CHRISTOPHER R. COOPER
United States District Judge

Date: May 25, 2023